IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JULIAN WYRE, #30166-424,

Petitioner,

vs.                                                    Case No. 13-cv-538-DRH

WARDEN CROSS,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, who is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. Specifically, Petitioner disputes the denial of his transfer request under 18 U.S.C. § 3621(b). This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Petitioner pled guilty to one violation of 21 U.S.C. § 841(a)(1) for possession with intent to distribute approximately 6.9 grams of cocaine base, a Schedule II Narcotic Drug Controlled Substance. *United States v. Wyre*, Case

No. 07-cr-50039-1 (N.D. Ill., Doc. 39). He was sentenced to a term of seventeen years of imprisonment on November 6, 2008 (*Id.*, Doc. 49). Petitioner has a projected release date of 2022 (Doc. 1-1, p. 2).

On January 8, 2013, Petitioner approached his case manager and requested a transfer to the Chicago Residential Reentry Center (Doc. 1-1, p. 2). The case manager dismissed Petitioner's transfer request outright after learning that Petitioner's release date was not set to occur until 2022. He conducted no further analysis of Petitioner's request.

Petitioner now asserts that his transfer request was not properly considered under 18 U.S.C. §§ 3621(b) and 3624(c) (Doc. 1, p. 2). Petitioner alleges that his request was denied without an individualized assessment of all five factors set forth in 18 U.S.C. § 3621(b) and after misapplication of 18 U.S.C. § 3624(c). Petitioner was not seeking pre-release placement pursuant to 18 U.S.C. § 3624(c) (Doc. 1-1, p. 1). Rather, Petitioner sought a transfer from one institution to another under 18 U.S.C. § 3621(b). Petitioner now claims that the failure to properly apply 18 U.S.C. §§ 3621(b) and 3624(c) resulted in a violation of his due process rights (Doc. 1, p. 8). As relief, Petitioner seeks an order requiring Respondent to transfer him to the Chicago Residential Reentry Center.

Petitioner describes his efforts to exhaust his administrative remedies prior to bringing a habeas action (Doc. 1, pp. 20, 22). *See Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986) (federal prisoners must first exhaust administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court).

He filed an informal request for an administrative remedy (BP-8) with his correctional counselor on January 8, 2013, a formal request for an administrative remedy (BP-9) with the warden on January 8, 2013, a regional administrative remedy appeal (BP-10) with the regional office on January 22, 2013, and an appeal to the general counsel (Form BP-11) on March 20, 2013 (Doc. 1-1, p. 1). The general counsel failed to issue a timely response to Petitioner's BP-11.

**Disposition**

Without commenting on the merits of Petitioner's claim, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[1]

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead on or before July 24, 2013. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and Respondent) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 28th day of June, 2013.

David R. Herndon
2013.06.28
16:12:20 -05'00'

**Chief Judge
United States District Court**