IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JULIAN WYRE,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 13-538-CJP[1] |
| | ) | |
| **JAMES N. CROSS,** | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

**PROUD, Magistrate Judge:**

Petitioner Julian Wyre, a federal inmate incarcerated at FCI-Greenville, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons' alleged failure to properly address his request for a transfer to the Chicago Residential Re-entry Center. Wyre's habeas petition was denied and judgment was entered against him on January 21, 2014 (Docs. 17, 18). This matter is currently before the Court on Wyre's motion for reconsideration filed on February 18, 2014 (Doc. 20).

Wyre's motion for reconsideration is actually a motion to alter or amend the judgment under Rule 59(e) (*See* Doc. 20). A motion under Rule 59(e) must be filed within 28 days of the challenged order or judgment. FED. R. CIV. P. 59(e), The instant motion was filed on the final day of the 28-day window, and is therefore

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c) (Doc. 16).

timely under Rule 59.

The decision to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *In re Prince,* 85 F.3d 314, 324 (7th Cir. 1996). Rule 59(e) permits a court to amend a judgment if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See e.g.*, *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007).

In the Order denying Wyre's habeas petition, the Court first questioned whether a § 2241 petition was an appropriate vehicle for his claim (Doc. 17). The Court went on to conclude that even if Wyre's claim was properly raised in a § 2241 petition, his petition should be denied because he was not entitled to relief on the merits because the BOP properly considered his transfer request (Doc. 17). In his motion, Wyre asserts that the Court "misinterpreted the Petitioner's claim and used B.O.P. Policy to circumvent has this [sic] misapplying controlling precedent. This has caused a manifested error of law that is Prejudicial and bias to the Petitioner" (Doc 20).

Wyre's assertion that the Court misinterpreted his claim is puzzling. He insists that the Court got it wrong, but then cites to the Court's previous order to "clarify" the exact nature of his claim (*See* Doc. 20 *citing* Doc. 17).[2] Obviously the Court got it right when it came to the basis of his claim. To the extent Wyre is

---

[2] Wyre stated his claim is that the BOP "did not correctly use the criteria set forth in 18 U.S.C. § 3621(b) to properly consider his placement Request to a correctional facility" (Doc. 20, p. 2). The passage that he cited to from the Court's previous order reads "[H]e claims only that the BOP failed to discharge a statutory duty to consider him for transfer to an RRC." (Doc. 17).

arguing that the misinterpretation occurred when the Court concluded that habeas corpus was not the proper vehicle for his claim, he is incorrect. Upon review of the record, the Court concludes that it reached the proper result in dismissing Wyre's claim; however, instead of dismissing it for lack of subject-matter jurisdiction, it should have been dismissed on the merits. *See Lopez v. Rios*, 2014 WL 554547, at *1 (7th Cir. 2014) (unpublished opinion). Section 2241 allows a prisoner to seek release if his continued custody violates the Constitution or federal laws. *Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir. 2007) (per curiam). Wyre never claimed that his custody is unlawful, and victory for him does not mean immediate release from confinement or a shorter stay in prison; at most, it means reconsideration of his transfer request. Therefore, his claim does not lie at "the core of habeas corpus" and is futile. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Lopez*, 2014 WL 554547, at *1.

Wyre also asserts that the Court made a mistake of law by failing to follow controlling precedent in denying his habeas petition (Doc. 20). The purported precedent was set forth in *Tristano v. Federal Bureau of Prisons*, Case No. 07-C-189, 2004 WL 5284511 (W.D. Wis. April 18, 2007). The *Tristano* court concluded in part that any request by an inmate for a transfer to a halfway house triggers an obligation to consider the five factors listed in 18 U.S.C. § 3621. *See* 2004 WL 5284511 at *7. However, contrary to Wyre's contention, *Tristano* is not an opinion from the Seventh Circuit Court of Appeals that this Court is bound to follow. It is an order from the district court in the Western District of Wisconsin.

While this Court respects the decisions of its fellow district courts, these decisions have no binding precedential effect on this Court.  *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 573 (7th Cir. 2009).   As the Court explained in its previous order, inmates do not have a constitutional right to a transfer, and the statute is silent regarding when, if ever, the BOP must consider a request for a transfer.  *See* 18 U.S.C. § 3621(b).   The Court is also unaware of any binding case law that provides that inmates are statutorily or constitutionally entitled to an individualized analysis using the five factors listed in § 3621 each time they request a transfer (*See* Doc. 17).   But even if Wyre does in fact have such a right, the Court already found that an individualized, five-factor analysis was conducted by the Regional Director of the BOP (Doc. 17).

## CONCLUSION

Wyre has not stated or demonstrated any grounds for relief under Rule 59(e).  Upon review of the record, the Court remains persuaded that its ruling denying Wyre's habeas petition was correct.   Therefore, the motion to reconsider filed by Petitioner Julian Wyre (Doc. 20) is **DENIED.**

**IT IS SO ORDERED.**

DATED:   March 28, 2014

s/ **Clifford J. Proud**
CLIFFORD J. PROUD
United States Magistrate Judge
